JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Nicholas Bolden, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of murder and aggravated robbery. He was convicted of the offenses after a jury trial.
At trial, Sedrick Thomas testified that he was standing on a street with his friend, Darnell Gray. Henry Woods approached them in a sport utility vehicle. Jermaine Lowery was in the passenger seat of the vehicle, but Thomas could not see who, if anyone, was in the back seat. Woods asked Thomas if he would sell him drugs on credit. When Thomas declined to provide the drugs, Woods drove away.
A short time later, Thomas, Gray, and Kevin Williams drove to a neighborhood store, and Woods again drove up in the sport utility vehicle with Jermaine Lowery in the passenger seat. According to Thomas, this time he could see that Bolden and Randall Lowery were in the back seat.
Woods then asked Thomas for money or drugs. Thomas declined, and someone passed Woods a shotgun from the backseat. Woods pointed the shotgun at Thomas and demanded drugs or money.
Meanwhile, Jermaine Lowery had gotten an assault rifle from somewhere in the vehicle. Jermaine Lowery got out of the car with the assault rifle and approached Williams, who was standing behind Thomas's car. Thomas heard shots and saw Williams lying on the ground near Jermaine Lowery. Williams died of multiple gunshot wounds.
Gray testified that he had seen Bolden and Randall Lowery in the back seat of the sport utility vehicle during both encounters with Woods. But because Gray had remained in Thomas's car after they had driven to the store, he could not see what had transpired in the sport utility vehicle immediately prior to the shooting. In all other respects, Gray's testimony substantially corroborated that of Thomas.
Bolden rested without presenting any evidence. The jury found him guilty of murder and aggravated robbery, and the trial court sentenced him to consecutive terms of imprisonment.
In a single assignment of error, Bolden now argues that the convictions were based upon insufficient evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]
The murder statute, R.C. 2903.02(B), provides that "[n]o person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree * * *." R.C. 2911.01(A)(1), governing aggravated robbery, provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."
The statute governing complicity, R.C. 2923.03(A)(2), states that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense." A defendant's mere association with a principal, or his mere approval or acquiescence in the principal's actions, is not enough to establish that the defendant aided or abetted the principal; the defendant must have assisted, incited, or encouraged another to commit the offense.[2]
In the case at bar, we agree with Bolden that the convictions were based upon insufficient evidence. Although the state's theory was that Bolden had aided and abetted the principals in committing murder and aggravated robbery, there was no evidence that he had done so. The most that the state was able to prove was that Bolden was present when the offenses were committed. The state emphasizes that someone in the back seat of the sport utility vehicle passed the shotgun to Woods. But there were two people in the back seat, and the prosecution was unable to establish which of the two aided in the offenses by passing the weapon to Woods. Under these circumstances, the state failed to prove that Bolden aided or abetted the principal offenders, and the assignment of error is sustained.
The judgment of the trial court is reversed, and Bolden is discharged from further prosecution with respect to the charges.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Prichard (Feb. 7, 1996), 1st Dist. No. C-941011.